FILED
2024 Feb-13 PM 01:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| SUPREME BORN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 7:21-cv-651-ACA-GMB |
| JEFFERSON DUNN, *et al.*, | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

Plaintiff Supreme Born sues Defendants Commissioner Jefferson Dunn, Sergeant Brandie Smith, "Officer K-9," Lieutenant Randall Sandlin, and Warden Jimmy Thomas for excessive force and denial of due process. (Doc. 38). On January 11, 2024, the magistrate judge entered a report recommending that the court treat Defendants' special report as a motion for summary judgment and grant the motion on the grounds that (1) "Officer K-9" is a dog who cannot be named as a defendant; (2) Eleventh Amendment immunity bars the official capacity claims for monetary damages; (3) no evidence demonstrates that Sergeant Smith's actions were objectively harmful enough to constitute excessive force; (4) Lieutenant Sandlin cannot be liable for failure to intervene where Sergeant Smith did not use excessive force; (5) any failures in the internal grievance process do not rise to the level of a

due process violation; and (6) Mr. Born has not shown that Commissioner Dunn and Warden Thomas can be held liable as supervisors. (Doc. 80 at 8–15).

Mr. Born objects to both the facts and the legal conclusions in the report and recommendation. (Doc. 81). With respect to facts, Mr. Born objects that there is evidence he suffered scratches from the incident. (Doc. 81 at 3–4). And indeed, another inmate attests that Mr. Born had scratches after the incident. (Doc. 67 at 18). Although the report and recommendation does not mention this evidence, the court does not read it as recommending a finding that Mr. Born suffered no injuries. (*See* doc. 80 at 12). Nevertheless, the court **SUSTAINS** the objection and acknowledges that Mr. Born presented evidence he suffered scratches from the K-9 officer jumping on him.

With respect to legal conclusions, Mr. Born objects on the grounds that (1) Title II of the Americans with Disabilities Act ("ADA") abrogates a State's Eleventh Amendment immunity; (2) Sergeant Smith acted with malicious intent and in violation of Alabama Department of Corrections procedure, satisfying both the subjective and objective components of an excessive force claim; (3) Lieutenant Sandlin was deliberately indifferent to the risk of letting a dog jump on him; and (4) Commissioner Dunn and Warden Thomas can be liable as supervisors because (a) Warden Thomas participated in the "unsupervision" of Sergeant Smith and

Lieutenant Sandlin and (b) use of excessive force within the Alabama Department of Corrections is widespread. (Doc. 81).

With respect to Mr. Born's first objection, the court notes that his operative complaint does not assert a claim under Title II of the ADA (*see* doc. 38), and he cannot amend his complaint to bring such a claim by asserting it in objections to the report and recommendation, *see* Fed. R. Civ. P. 15; *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.") (quotation marks omitted); *cf. Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."). Accordingly, the court **OVERRULES** that objection. The court has carefully reviewed Mr. Born's other objections and **OVERRULES** them without further discussion.

After careful consideration of the record in this case, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** the recommendation, subject to the addition of the fact that Mr. Born suffered scratches from this incident. Consistent with that recommendation, the court **WILL DISMISS** "Officer K-9" as a defendant; **WILL DISMISS** the official capacity claims for monetary damages against the remaining defendants **WITHOUT PREJUDICE**, and **WILL ENTER**

**SUMMARY JUDGMENT** in favor of Commissioner Dunn, Warden Thomas, Lieutenant Sandlin, and Sergeant Smith with respect to the official capacity claims for declaratory judgment and the individual capacity claims for monetary damages.

The court will enter a separate final judgment consistent with the opinion.

**DONE** and **ORDERED** this February 13, 2024.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE